NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 11 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RONALD HOCH, Dr.; et al.,

Plaintiffs - Appellants,

v.

FIGS, INC.; et al.,

Defendants - Appellees.

No. 25-902

D.C. No.
2:22-cv-07939-ODW-AGR

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Argued and Submitted July 7, 2026
Pasadena, California

Before: RAWLINSON, SANCHEZ, and TUNG, Circuit Judges.

FIGS, Inc. is a direct-to-consumer company that designs and sells premium

scrubs and other apparel for medical professionals over the internet. Ronald Hoch

and other plaintiffs (collectively "Plaintiffs") appeal the district court's dismissal

of their class action under §§ 11, 12(a)(2), and 15 of the Securities Act of 1933,

and §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"),

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

and SEC Rule 10b-5, against FIGS, Inc., et al. We have jurisdiction under 28 U.S.C. §1291, and we affirm.

We "review de novo the dismissal of a complaint for failure to state a claim and accept the well-pleaded allegations in the complaint as true." *Espy v. J2 Glob., Inc.*, 99 F.4th 527, 535 (9th Cir. 2024). Where Plaintiffs allege that Defendants fraudulently violated federal securities laws, Plaintiffs face heightened "dual pleading requirements of Federal Rule of Civil Procedure 9(b) and the [Private Securities Litigation Reform Act ('PSLRA'), 15 U.S.C. § 78u–4]." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009). We may affirm dismissal on any ground supported by the record, even if not relied upon by the district court. *See Weston Fam. P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 617 (9th Cir. 2022); *see also Silk v. Bond*, 65 F.4th 445, 456 (9th Cir. 2023).

1. The district court did not err when it applied a heightened pleading requirement to Plaintiffs' Securities Act claims against Defendants FIGS, Hasson, and Spear because the allegations "sound[] in fraud" and "allege a unified course of fraudulent conduct." *See Rubke v. Capitol Bancorp Ltd*, 551 F.3d 1156, 1161 (9th Cir. 2009). Plaintiffs' allegations are nearly identical to the allegedly false and misleading statements underlying Plaintiffs' Exchange Act claims. *See In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 885 (9th Cir. 2012) ("[A] plaintiff's nominal efforts to disclaim allegations of fraud with respect to its [Securities Act]

claims are unconvincing where the gravamen of the complaint is fraud and no effort is made to show any other basis for the claims."). The First Amended Complaint ("FAC") alleges the same fraudulent course of conduct: FIGS's reliance on data analytics, which Plaintiffs assert FIGS did not have or was not using, and FIGS's fluctuating inventory risk.

2. The district court did not err in dismissing the Securities Act claims under Section 11 and 12(a)(2) for failure to allege falsity. As to the Rule 9(b) Defendants, Plaintiffs failed to plead with specificity that any of the data analytics statements or inventory risk statements were misleading or false, particularly in light of the hedging statements made throughout FIGS's Offering Documents. Plaintiffs' theory of falsity presents a muddled picture of alternatively asserting that FIGS did not have a data analytics system, or that its system was not sufficiently advanced or was not proprietary. Similarly, the inventory risk statements cannot be read to contain any objectively false or misleading information because FIGS disclosed that new products were part of the company's growth strategy. Ultimately, none of the statements Plaintiffs point to is "capable of objective verification." *Retail Wholesale & Dep't Store Union Loc. 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1275 (9th Cir. 2017). Read "in light of all its surrounding text, including hedges, disclaimers, and apparently conflicting information," the total mix of information does not demonstrate FIGS

25-902

made any false or misleading statements with regard to its data analytic abilities or inventory-related statements. *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 190 (2015). As to the Rule 8 Defendants, we agree with the district court that Plaintiffs failed to provide "short and plain statement[s]" and that their pleadings contain irrelevant and confusing information inconsistent with Fed. R. Civ. P. 8(a)(1); *see also Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1129 (9th Cir. 2008).

3. The district court correctly determined that the confidential witness ("CW") statements did not support falsity because the witnesses were not sufficiently reliable and lacked personal knowledge. *Zucco*, 552 F.3d at 995. Plaintiffs offer two CWs that occupied non-managerial positions in information technology and product development. Neither CW worked in data analytics, demand planning, or inventory management. CW-1 was not employed until 2023, and did not occupy any position at FIGS when the misstatements were allegedly made during the relevant period of 2020 through 2022. While CW-2 was employed during the relevant period, CW-2's statements are predicated on hearsay, speculation, or statements of opinion. Given CW-1's and CW-2's lack of particular or adequate personal knowledge of the alleged shortcomings related to data analytics or inventory management, the CWs' statements are insufficient to

4

demonstrate falsity.  *See id.* at 996-97 (disregarding CWs who "were simply not positioned to know the information alleged").

4. The district court did not err in dismissing the Section 10(b) Exchange Act claims for failure to allege the element of scienter.  *See Stoneridge Inv. Partners, LLC v. Sci.-Atlanta, Inc.*, 552 U.S. 148, 157 (2008) (listing scienter as an essential element for a Section 10(b) claim).  Plaintiffs must satisfy the "particularity" requirement for scienter under the PSLRA.  *See Or. Pub. Emps. Ret. Fund v. Apollo Grp.*, 774 F.3d 598, 604 (9th Cir. 2014).  The August 2021 interview statements and March 2022 earnings call statements Plaintiffs identify are mere blanket statements of involvement by FIGS executives that do not rise to the level of specificity required to establish a strong inference of scienter.  *See S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 784–85 (9th Cir. 2008) (holding that corporate management's general awareness of the day-to-day workings of the company's business does not establish scienter).  Plaintiffs do not allege that FIGS executives had access to any contemporaneous internal reports, data, or disputed information that would establish a strong inference of scienter.  *See Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1036 (9th Cir. 2002) (holding that even "negative characterizations of reports relied on by insiders, without specific reference to the contents of those reports, are insufficient to meet the heightened pleading requirements of the PSLRA").  Nor do the facts of this case fall into the

"exceedingly rare" exception of cases where scienter can be inferred.  *S. Ferry,* 542 F.3d at 785 n.3.

5. The district court did not err in dismissing the Section 15 Securities Act and Section 20(a) Exchange Act claims because Plaintiffs fail to state primary violations of securities fraud.  *See* 15 U.S.C. §77o; 15 U.S.C. §78t(a);  *In re Rigel Pharms., Inc. Sec. Litig.,* 697 F.3d at 886.

6. The district court did not err in dismissing all claims against Tulco, LLC, because Plaintiffs have not sufficiently pled any false or misleading statements to support a primary violation of securities fraud.  *See Rubke,* 551 F.3d at 1167; *Zucco*, 552 F.3d at 990.  Accordingly, we decline to reach the issues of respondeat superior or partnership liability.

**AFFIRMED.**